UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT STAFFORD,

    Petitioner,

v.                                Case No. 3:23-cv-7939-TKW-MJF

RICKY D. DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Albert Stafford, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Stafford's petition incorporates an accompanying memorandum and exhibits. Doc. 2. Respondent Dixon asserts that the petition should be denied because Stafford procedurally defaulted his claims. Doc. 8. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that this action should be dismissed because Stafford's claims cannot be raised in a federal habeas petition.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Stafford is a Florida prisoner currently incarcerated at the Okaloosa Correctional Institution. Stafford challenges a prison

disciplinary action against him at Okaloosa CI. Doc. 2, Ex. 1. The following facts are undisputed.

On January 4, 2023, Stafford was issued a disciplinary report (DR Log #115-230009) for Violation Code 7-1 Destruction of State Property. Doc. 2, Ex. 1 at 2. The statement of facts supporting the charge read:

> Inmate Stafford, Albert DC#972749 is being charged with violation of F.A.C., Chapter 33-601.314, Rules of Prohibited Conduct, Section 7-1: Destruction of State Property or Property Belonging to Another. On January 1, 2023 I, Sergeant R. Hornak, was assigned as the D dorm housing sergeant. At approximately 3:35 pm, I was present in D-Dorm Wing-1 conducting a security, well-being check I observed a ripped State-issued blanket by the door of cell D-1203, which houses Inmate Hilliard, Michael DC#J24067 in D-1203L and Inmate Stafford, Albert in D-1203U. When I asked both inmates who the item belonged to, both inmates denied ownership of the ripped State-issued blanket and I advised them that they will both get the DR for 7-1 Destruction of State Property. According to the Pride price list, the cost of a blanket is $5.60. The OIC was notified and authorized this report. A photo will be attached to this DR of the torn blanket, and it was returned to laundry. Inmate Stafford will remain in his current housing assignment pending disciplinary team action.

Doc. 2, Ex. 1 at 2.

Stafford was served with a copy of the charge on January 5, 2023. *Id.* An investigation was conducted, and a disciplinary hearing was

scheduled for January 10, 2023. The disciplinary hearing was postponed to January 13, 2023, for further investigation. Doc. 2, Ex. 1 at 1.

Stafford's disciplinary hearing was held on January 13, 2023. Doc. 2, Ex. 1 at 1. Stafford was present and declined staff assistance. *Id*. Stafford presented his own testimony as well as the testimony of Inmate Hilliard through Hilliard's written witness statement. Doc. 2 at 8. Stafford was found guilty of the disciplinary charge. The disciplinary team provided the following written statement of the reasons for its decision:

> The inmate entered a plea of not guilty and was afforded an opportunity to make a statement. Inmate was found guilty based in part on 1) the reporting officer[']s statement as well as 2) the completed investigation, and 3) witness statements, per written statement of facts.

*Id*. The disciplinary action resulted in an order of restitution:

> Inmate was in general population and no disciplinary time given. Restitution payment of $5.60 ordered. Inmate was asked if he understood the disciplinary report, the plea process and subsequent penalties, which could be imposed, and he stated yes. The statement of facts was read and the inmate was allowed to make a statement during the hearing. All witness statements and evidence were read and considered in the team's decision. Inmate was advised he has 15 days to appeal the team's decision.

Doc. 2, Ex. 1 at 1. The maximum penalty allowed for the offense was placement in disciplinary confinement for 60 days and the loss of all gain time. *See* Fla. Admin. Code r. 33-601.314.[1]

Stafford unsuccessfully appealed the disciplinary action by filing an informal grievance, a formal grievance to the Warden and an appeal to the Office of the Secretary. Doc. 2, Exs. 2, 3. Stafford's appeal to the Secretary was denied on March 7, 2023. Doc. 2, Ex. 3. The Secretary's decision was mailed to Stafford and filed with the Agency Clerk on March 10, 2023. *Id*. Stafford did not seek review of the disciplinary action in the Florida state courts. Doc. 1 at 9; Doc. 10 at 2-3.

Stafford filed his federal habeas petition on April 6, 2023. Doc. 1. Stafford's petition raises two claims: (1) Stafford was deprived of due process because the official who denied his informal grievance (Thomas Golden) was the chair of the disciplinary hearing team; and (2) Stafford was deprived of due process because the DR investigator did not produce

---

[1] Stafford is serving a life sentence and is not eligible for gain time. *See* Doc. 1 at 2; Doc. 2 at 1 (Stafford identifying himself as "a State prisoner serving multiple parole eligible life sentences"); *see also McKire v. Sec'y, DOC*, 2013 WL 1410367, at *4 (M.D. Fla. April 8, 2013) ("under Florida law an inmate serving a life sentence is not eligible to earn gain time, or incentive gain time" (citing Fla. Admin. Code r. 33-603.402(1)(a)(5); Fla. Stat. § 944.275)).

Stafford's "requested exculpatory evidence," namely, a videotape of Hornak finding the blanket. Doc. 1 at 9-11; Doc. 2 at 6-7. As relief, Stafford seeks to have the DR overturned, stricken, and removed from his institutional file. Doc. 2 at 8.

Dixon asserts a procedural default defense, arguing that Stafford did not exhaust his state court remedies prior to bringing this action and now is procedurally barred from doing so. Doc. 8.

## II. DISCUSSION

"An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (internal quotation marks and citation omitted). "[T]hese avenues *are mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.* at 754 (emphasis added). "The converse is equally true." *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) (citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013)).

"The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence." *Hutcherson*, 468 F.3d at 754. "[H]abeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011); *see also Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *see also Rose v. Mitchell*, 443 U.S. 545, 586 (1979) (Powell, J., concurring with the judgment and noting that "the very purpose of the Great Writ is to provide some means by which the legality of an individual's incarceration may be tested."); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (the "sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose.").

Habeas corpus relief is "not available to prisoners complaining only of mistreatment during their legal incarceration." *Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982). "Where the prisoner's claim would not

'necessarily spell speedier release,' . . . suit may be brought under [42 U.S.C.] § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also McNabb*, 727 F.3d at 1344 ("A claim is properly raised under § 1983 when 'an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence.'" (quoting *Hutcherson*, 468 F.3d at 754)).

## A. Stafford's Claims Are Not Cognizable in a Federal Habeas Petition

Stafford is challenging a disciplinary action that resulted in an order for restitution of $5.60. Doc. 2, Ex. 1. The disciplinary action did not entail a loss of sentence credits or any period of disciplinary or administrative confinement. *Id.* Success in this action will not in any way affect the validity, length, or duration of Stafford's imprisonment. *Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016) ("[R]estitution does not impact the fact or duration of [a prisoner's] confinement and therefore is not a valid basis for habeas corpus relief."); 28 U.S.C. § 2254(a); *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329 (11th Cir. 2010) ("[T]he remedy that habeas corpus provides remains tied to some form of relief from the petitioner's custody.").

The undersigned has considered Stafford's allegation that he is eligible for parole and that the disciplinary action will be in his institutional file which will be subject to review at a parole interview.[2] Stafford does not allege, however, that he has been *granted* parole or given an *effective* parole release date that will be rescinded or postponed as a result of the disciplinary action. Stafford has no right to—or guarantee of—release on parole. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The decision whether to grant Stafford parole is wholly within the discretion of the Florida Commission on Offender Review. *Staton v. Wainwright,* 665 F.2d 686 (5th Cir. Unit B 1982) (Florida parole statutes create no constitutionally-protected interest in parole); *Meola v. Dep't of Corr.*, 732 So. 2d 1029, 1034 (Fla. 1998) ("In Florida, parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release on a certain date even after they have been given a specific Presumptive Parole Release Date (PPRD).").

---

[2] Stafford made this allegation to support his argument that the DR implicated a constitutionally-protected liberty interest such that due process was required. *See* Doc. 2 at 3.

Thus, the attenuated and speculative relationship between the disciplinary action and a parole decision does not create a sufficient nexus with the duration of Stafford's confinement to directly implicate the core of habeas corpus. *See Wilkinson*, 544 U.S. at 82 (prisoners who challenged constitutionality of administrative decisions denying them parole eligibility could proceed under § 1983, because they sought no "injunction ordering . . . immediate or speedier release into the community," and "a favorable judgment will not necessarily imply the invalidity of their convictions or sentences." (cleaned up)); *Muhammed v. Close*, 540 U.S. 749, 754-55 (2004) (prisoner raised no claim on which federal habeas relief could be granted where his challenge to disciplinary action did not seek a judgment at odds with prisoner's conviction or with the State's calculation of time to be served on his underlying sentence); *Skinner*, 562 U.S. at 534 (prisoner's claim was properly brought under § 1983 because it was not "inevitable" that success on the claim would invalidate his conviction; no Supreme Court case has recognized habeas as an available remedy "where the relief sought would neither terminate custody, accelerate the future date of release from custody, nor reduce the level of custody"); *see also Kerlin*, 742 F. App'x at 488-89 (state

prisoner's claims that state officials unconstitutionally refused to consider whether he was eligible for parole were cognizable under § 1983 and not in a federal habeas proceeding; prisoner argued only that he was entitled to consideration for parole, not parole itself).

In other words, even if Stafford were granted the remedy he seeks—expungement of the DR from his institutional file—it would not necessarily affect the duration of his sentence or his release on parole.

**B.    The Appropriate Disposition of This Action Is to Dismiss the Petition Without Prejudice**

Because Stafford's claims do not implicate the validity of his custody or "necessarily spell immediate or speedier release," *Wilkinson*, 544 U.S. at 81, and because they may be brought in a § 1983 action, his habeas petition should be dismissed. Stafford may, if he wishes, pursue a § 1983 action with respect to his challenge to the disciplinary action, as long as he files such action within the four-year limitations period.[3] *See McNabb*, 727 F.3d at 1344 (dismissing habeas petition where the "avenue of relief is still available to [petitioner] in a § 1983 action"); *Kerlin*, 742 F.

---

[3] *See* Fla. Stat. § 95.11 (statute of limitations); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). The undersigned expresses no opinion on the appropriate disposition of a § 1983 action.

App'x at 489 (same, where prisoner's claim was cognizable only under 42 U.S.C. § 1983 and prisoner "[could], if he wishe[d], pursue a § 1983 action with respect to his parole claim").[4]

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

---

[4] Dismissing this action is not inconsistent with *Cruitt v. Alabama*, 647 F. App'x 909, 910 (11th Cir. 2016). In *Cruitt*, the Eleventh Circuit held that the district court should have addressed a federal habeas petition as a complaint alleging § 1983 claims—instead of dismissing the petition—because dismissal potentially precluded the prisoner from seeking relief on some claims in a § 1983 action due to temporal proximity to the statute of limitations. That is not the case here.

(quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, Doc. 1, challenging Stafford's disciplinary conviction for Destruction of State

Property (DR Log #115-230009), be **DISMISSED WITHOUT PREJUDICE**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Pensacola, Florida, this <u>18th</u> day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**